IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA R. OWENS,                              )
                                            )
                    Plaintiff,              )
                                            )
           v.                               )        Civil Action No. 23-1440
                                            )
MARTIN O'MALLEY,[1]                         )
*Commissioner of Social Security,*          )
                                            )
                    Defendant.              )
                                            )

O R D E R

        AND NOW, this 9th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* and finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211,

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990)

(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have

decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]       Plaintiff raises a single argument on appeal: that there are apparent conflicts
between her residual functional capacity ("RFC") finding, which limits her to jobs where
she "is able to understand and follow simple instructions," and the jobs identified by the
vocational expert ("VE"), which all require a reasoning level of 3.   (Doc. No. 9).   At the
last stage of the sequential analysis, the Administrative Law Judge ("ALJ") concluded that,
given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in
significant numbers in the national economy that she is able to perform, such as call-out
operator, charge clerk, and telephone information clerk.   (R. 31).   Plaintiff argues there
are apparent and unresolved conflicts between the testimony of the VE and the information
contained in the Dictionary of Occupational Titles ("DOT") as it relates to all of these
identified jobs.   (Doc. No. 9 at 5-6).

          "The DOT is a vocational dictionary that lists and defines all jobs available in the
national economy and specifies what qualifications are needed to perform each job."
*McHerrin v. Astrue*, No. 09-2035, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010)
(citing SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)).   Among other qualifications, jobs
are assigned a General Educational Development ("GED") level, which includes a
reasoning level from 1 to 6.   Jobs with a reasoning level of 3 require that an employee
"[a]pply commonsense understanding to carry out instructions furnished in written, oral,
or diagrammatic form [and] [d]eal with problems involving several concrete variables in
or from standardized situations."   DOT, App. C, § III.

          Plaintiff's arguments notwithstanding, there is no bright-line rule that a reasoning
level of three conflicts with a limitation to "simple instructions."   *See Zirnsak v. Colvin*,
777 F.3d 607, 618 (3d Cir. 2014); *Hess v Comm'r*, 931 F.3d 198, 210-11 (3d Cir. 2019).
Indeed, the Third Circuit has expressly declined to find that there is a *per se* conflict
between jobs with a limitation to simple, routine tasks, and jobs requiring level 3 reasoning.
*See Zirnsak*, 777 F.3d at 618.   Further, the Circuit has stated that "[a] limitation to 'simple
tasks' is fundamentally the same as one 'to jobs requiring understanding, remembering,
and carrying out only simple instructions and making only simple work-related
decisions[.]"   *Hess*, 931 F.3d at 210 (quotation omitted).   The Circuit Court has
explained that remand is not necessary in such cases where the ALJ discharged his or her
duty to ask the VE whether his or her testimony was consistent with the DOT on the record
and where the following factors were met: (1) the claimant did not seriously argue an

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:          Counsel of record

---

inability to perform the jobs in question and the record supports a finding that he or she can perform such work; (2) the claimant did not point out the conflict at the hearing; and (3) the challenged jobs were only representative examples.   *See Zirnsak*, 777 F.3d at 618-19.   Plaintiff does not address any of these factors.   (Doc. No. 9).

Considering this, the Court finds remand is unwarranted.   To begin with, the ALJ did ask the VE if her testimony was consistent with the DOT, and the VE responded that it was.   (R. 64).   The VE further stated she did not have to supplement her testimony in any areas.   (*Id.*).   Moreover, Plaintiff did not seriously argue an inability to perform the jobs in question, and the record supports a finding that she can perform such work. Indeed, Plaintiff's past work experience includes semi-skilled jobs all requiring a GED reasoning level of three, and Plaintiff stated that her ability to follow written and spoken instructions was "fine."   (R. 30 (showing Plaintiff had past work as a title clerk (DOT # 203.582-066), a receptionist (DOT # 237.367-038), a bartender (DOT # 312.474-010), and as a caregiver (DOT # 354.377-014); R. 339).   Plaintiff also primarily attributed her limitations to her physical impairments, and while she did note difficulty concentrating and mental impairments stemming from a stroke (R. 20, 22), she needed no special reminders to care for her personal needs or grooming and was able to prepare meals daily, perform light household chores, drive short distances, shop in stores, and manage money.   (R. 334-37).   Additionally, Plaintiff did not point out the conflict at the hearing, and the challenged jobs were only representative examples.   (R. 31).   Accordingly, the *Zirnsak* test has been met and remand is not necessary.   777 F.3d at 618-19.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

3